
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yakov Brever, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br><br><br> -v.-<br><br>Continental Central Credit of Massachusetts, Inc.,<br><br>       Defendant(s). | Civil Action No: 7:21-cv-6637<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Yakov Brever, (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Continental Central Credit of Massachusetts, Inc. (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### **INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address of 5611 Palmer Way Ste. G, Carlsbad, CA 92010-7253 and an address for service of process at C T Corporation System, 155 Federal St. Ste. 700, Boston, MA 02110.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

   c. including a collection fee of more than 33% of the principal amount in addition to interest on the principal amount;

   d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ l692e, l692f and 1692g et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ l692e, l692f and 1692g et seq.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to May 27, 2021, on a date better known by Defendant, upon information and belief, an obligation was incurred to Continental Central Credit of Massachusetts, Inc. The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes, specifically for a time-share resort at Vacation Village in the Berkshires, Massachussets.

21. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

22. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

23. Defendant refers to itself in the subject letter as a "collection agency" and states that "this is an attempt to collect a debt."

24. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

*Violation – May 27, 2021 Collection Letter*

25. On or about May 27, 2021, the Defendant sent the Plaintiff a collection letter regarding the subject debt. (See "Letter" at Exhibit A.)

26. In the Letter, Defendant references an "Important Update Notice" which includes the following breakdown of charges:

        Principal:           $3772.15
        Interest:             $176.83

      Collection Fee:      $1257.26
      Total USD:         $5206.24

27.     The collection fee represents approximately 33.33% of the principal amount.

28.     Additionally, Defendant charges $176.83 of interest.

29.     The principal amount only represents approximately 72.45% of the total amount sought by Defendant.

30.     Beyond all of the collection fees and interest already stated, Defendant also warns that "in some states there may be an additional charge when paying by phone, check, or credit card. (Visa/Mastercard 3%, American Express 3.333% or phone, checks $3.40)."

31.     Plaintiff maintains that he does not owe this debt.

32.     Plaintiff did not agree to such collection fees with the original creditor nor are such collection fees a right permitted by law.

33.     Defendant is not permitted to collect any amount other than that provided for by contract or law.

34.     The addition of the collection fees by Defendant, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff.

35.     Furthermore, the letter does not provide a payment slip or an specific address where to mail payments.

36.     In effect, the only option for Plaintiff to pay is to call and pay over the phone.

37.     Upon information and belief, New York is a state where additional charges apply.

38.     Defendant is effectively forcing Plaintiff to speak with the Defendant and thereby pay through the phone, obligating Plaintiff to pay the additional credit card, phone, or check fee.

39. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

40. Defendant's collection efforts with respect to the subject debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

41. Moreover, the subject total debt continued to accrue interest and fees, which continue to burden Plaintiff with additional fees that could have been avoided had Defendant not charged excessive fees.

42. Generally, these representations are material because they are likely to affect a consumer's choice or conduct regarding how to respond to an allegedly outstanding debt claim and are likely to mislead consumers acting reasonably under the circumstances. Furthermore, there is nothing more material than the amount of the debt.

43. Specifically, Defendant's careless, deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

44. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

45. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

46. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

47. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

48. Now, consumers have a right to receive proper notice of their debts. When a debt collector fails to effectively inform the consumer of how much they owe or how to satisfy their debt, in violation of statutory law, the debt collector has harmed the consumer.

49. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

50. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

53. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

54. Defendant violated §1692e:
    a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate;

  b. As the letter falsely represents the true amount of the debt in violation of §1692e(2); and

  c. By making a false and misleading representation in violation of §1692e(10).

55. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

58. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

59. Defendant violated this section by:

  a. unfairly advising Plaintiff that he owed Defendant more money than the amount of the debt; and

  b. attempting to collect an amount not expressly authorized by the underlying agreement creating the debt or permitted by law in violation of § 1692f(1).

60. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g** *et seq.*

61. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

62. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

63. Pursuant to 15 U.S.C. §1692g:

   (a) Notice of debt; contents

   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

   (1) <u>the amount of the debt</u>;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

64. Defendant violated this section by:

   a. misstating the amount of the debt due, in violation of § 1692g(a)(1).

65. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

66. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Yakov Brever, individually and on behalf of all others similarly situated, demands judgment from Defendant Continental Central Credit of Massachusetts, Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 5, 2021                                         Respectfully Submitted,

**STEIN SAKS, PLLC**
 **/s/ Tamir Saland**
Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph:  201-282-6500
Fax: 201-282-6501
tsaland@steinsakslegal.com
*Counsel for Plaintiff*